**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **THOMAS GLASS,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO.  JKB-15-3501** |
| **RYDER INTEGRATED** | * | |
| **LOGISTIC CORP.** *et al.*, | * | |
| **Defendants** | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM

### I.  Background

Plaintiff Thomas Glass *pro se* filed this case alleging wrongful termination and defamation in the Circuit Court for Anne Arundel County against his former employer, Ryder Integrated Logistic Corporation, and Beth Teague, Ryder's Senior Logistics Manager.  (Compl., ECF No. 2.)  After removal based upon diversity jurisdiction (Notice of Removal, ECF No. 1), Defendants filed a motion to dismiss for failure to state a claim (ECF No. 9).  In addition to that pending motion, Glass has also filed a "motion to joinder of Defendant's party" (ECF No. 16), a motion to amend his complaint (ECF No. 18), and an amended motion to amend his complaint (ECF No. 22).  The motions have been briefed (ECF Nos. 23 & 24), and no hearing is required, Local Rule 105.6 (D. Md. 2014).  Defendant's motion will be granted and Plaintiff's motions will be denied.

## II.  Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . .  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555.

## III.  Standard for Motion to Amend

A motion for permission to amend the complaint is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires."  The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations:  when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile.  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  A proposed amendment is considered futile if it cannot withstand a motion to dismiss.  *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

2

## IV. *Allegations of the Complaint*

According to Glass's complaint, he was employed with Ryder from March 28, 2015, to on or about August 10, 2015, when he was discharged. (Compl. ¶ 4.) (From other documents in the file, the Court notes Glass was apparently employed as a vehicle operator. *See* exhibits attached to proposed amended complaint. ECF No. 18.) The operative paragraphs of his complaint state as follows:

> 7. Plaintiff believes and on the basis alleges, that the discharge occurred as a result of operating the company vehicle to a assigned [*sic*] destination, during the course of operations, the vehicle caught fire prior to reaching the assigned destination.
>
> 8. Plaintiff alleges that the discharge was for reasons unrelated to the employment contract. Furthermore, the termination of plaintiff's employment was a constructive event which lead [*sic*] to constructive termination, defamation with intent to damage the plaintiff's reputation post termination, terminating the plaintiff's employment was in contravention of the employment contract.

(Compl. ¶¶ 7 & 8.)

## V. *Analysis*

For ample reason, Defendants assert Glass's complaint fails to state a claim for relief. All that the Court can gather from the complaint is that Glass worked for Ryder, he was driving a company vehicle to an assigned destination, his vehicle caught fire, and Ryder discharged him. The complaint is devoid of factual allegations that would permit the Court to infer Glass's discharge was wrongful. It is also completely lacking in factual allegations to support a claim of defamation. Furthermore, he has made no factual allegations that allow an inference of misconduct by Beth Teague. The original complaint is wholly deficient under the governing *Twombly-Iqbal* pleading standard.

Glass's proposed amended complaint fares no better. While he makes new allegations about the existence of an employment contract, he attempts to support those allegations by

attaching exhibits that, unfortunately for Glass, do not establish a contract between Glass and Ryder.   The exhibits, in fact, lend support to Defendants' assertion that Glass was an at-will employee.   To the extent the proposed amended complaint suggests a cause of action based on breach of contract, Glass's complaint and attached exhibits taken together do not permit the Court to infer that a contract ever existed between Glass and Ryder.   Moreover, he has provided no factual allegations to support his claim of wrongful termination.   In addition, his allegations about defamation are exactly the kind of conclusional allegation considered insufficient by the Supreme Court in *Twombly* and *Iqbal*.   And, as before, Glass makes no specific allegations about Teague.   Because the proposed amended complaint cannot withstand a motion to dismiss, Glass's motion to amend will be denied as futile.

As for Glass's motion regarding joinder, he requests to join Beth Teague (who is already a defendant) and James Finley as defendants.   Obviously, his request as to Teague is moot.   But his request to join James Finley is unsupported by factual context as to why Finley is a necessary party under Federal Rule of Civil Procedure 19.   Given that neither the original complaint nor the proposed amended complaint is sufficient to state a claim for relief, Glass's joinder motion equally fails to shed any light on why this case should not be dismissed.

## VI. *Conclusion*

Defendants' request to dismiss this case for failure to state a claim for relief is meritorious and shall be granted.   Plaintiff's motions to amend and for joinder will be denied.   A separate order will issue.

DATED this 13th day of March, 2016.

BY THE COURT:


_____/s/_____
James K. Bredar
United States District Judge